◼ In the Matter of the Claim of LAWRENCE J. HILL, Appellant. LIGHT-HOUSE INDUSTRIES, a Division of the New York Association for the Blind, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board which determined that claimant was not an employee of respondent charitable corporation which is engaged through its Industrial Division in the sale of products manufactured by blind craftsmen. The board found that claimant's selling activities were conducted under a dealer's written agreement in connection with the performance of which respondent association neither reserved the right nor subjected claimant to its supervision, direction and control. Such factual findings which equate the concept of an independent contractor rather than that of an employee (*Matter of Morton,* 284 N. Y. 167) have substantial support in the evidence and must be accepted as final and conclusive. (Labor Law, § 623; *Matter of Sperling [Catherwood],* 20 A D 2d 584, mot. for lv. to app. den. 14 N Y 2d 481.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Staley, Jr., JJ., concur.

◼ In the Matter of the Claim of VICTOR DAY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— AULISI, J. Appeal from a decision of the Unemployment Insurance Appeal Board which affirmed determinations that claimant was disqualified from receiving benefits in that he voluntarily left his employment without good cause by provoking his discharge. The employer's water was shut off during the repair of a broken main and claimant, a dishwasher, was directed to wash dishes in a container of cold water and rinse them with used hot water for the duration of his shift. This he refused to do claiming that his employer was violating the Health Code and if he had followed instructions he would have become a party to the violation. He does not deny that he refused to perform his required duties. The employer states that the dishwashing procedure had been approved by the Board of Health for the emergency period. Regardless of the merits of this dispute, the decision was entirely the employer's. We are presented with a purely factual question which the board has decided upon substantial evidence and we must affirm. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur.